IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.

RICHARD BROWN,

    Plaintiff,

v.

LAW OFFICE OF KEITH S. SHINDLER, LTD.,
and CREDIT ACCEPTANCE CORPORATION

    Defendants.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, RICHARD BROWN ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of Cook and City of Dixmoor.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, LAW OFFICE OF KEITH S. SHINDLER, LTD., ("Defendant") or ("Shindler") is a limited company who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant Shindler is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, CREDIT ACCEPTANCE CORPORATION ("CAC") is a corporation who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Defendant CAC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant CAC, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendant CAC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendant CAC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Defendant CAC acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. Defendant Shindler is thoroughly enmeshed in the debt collection business, and Defendant Shindler is a significant participant in Defendant CAC's debt collection process.

16. In connection with collection of an alleged debt, Defendant Shindler, itself and on behalf of Defendant CAC, sent Plaintiff written communication dated November 4, 2010 in which Shindler alleged that Plaintiff owed a debt to CAC in the amount of $8,888.93. (See November 4, 2010 Correspondence, attached hereto as Exhibit "A").

17. Subsequently, Shindler filed a Complaint on December 28, 2010 in which Shindler alleged that Plaintiff owed a debt to CAC in the amount of $8,060.93 plus $350.00 in attorney's fees, and as such, Defendants' letter dated November 4, 2010 falsely represented the character, amount, and legal status of Plaintiff's debt. (See Complaint, attached hereto as Exhibit "B").

18. In connection with collection of an alleged debt, Defendant Shindler, itself and on behalf of Defendant CAC, sent Plaintiff written communication dated November 4, 2010 in which Shindler alleged that the original creditor was CAC. (See Exhibit "A").

19. However, Shindler stated in the Complaint filed on December 28, 2010 that CAC was "the assignee for good and valuable consideration of all rights, title and interest in said retail installment contract," and as such, Defendants falsely represented the character, amount, or legal status of Plaintiff's debt. (See Exhibit "B").

20. In connection with collection of an alleged debt, Defendant Shindler, itself and on behalf of Defendant CAC, filed a Complaint against Plaintiff on December 28, 2010 in which Shindler alleged that Plaintiff owed a debt to CAC in the amount of $8,060.93 plus $350.00 in attorney's fees. (See Exhibit "B"). The Complaint stated, in relevant part, as follows:

> "Defendant(s) defaulted on the terms of said retain installment contract and after applying all credits and set-offs, there is now a

      balance due in the amount of $8,060.93, as more specifically set forth in Exhibit "B".

21.    Attached to the Complaint was an Affidavit of Account dated April 14, 2009—over twenty (20) months before the Complaint was filed—in which CAC alleged only that Plaintiff's debt was "$7,786.79 plus interest from September 25, 2008 at the maximum rate authorized by said contact or applicable law." In attaching an Affidavit that pre-dated the Complaint by over twenty (20) months Defendants falsely represented the character, amount, or legal status of Plaintiff's debt.  (See Affidavit of Account, attached hereto as Exhibit "C").

22.    Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

23.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

24.    Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated  15 U.S.C. §1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 22.

26. Defendants violated 15 U.S.C. §1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. §1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this ___ day of July, 2011.

Respectfully submitted,
**RICHARD BROWN**


By:_____
ALEX D. WEISBERG
FBN: 0566551
Attorney Code: 48491
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com